Shane M. Cahill, # 227972
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Plaintiff
RWI TRANSPORTATION, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RWI TRANSPORTATION, LLC,<br><br>                     Plaintiff,<br><br>         v.<br><br>MAJOR EXPRESS, INC.,<br><br>                     Defendant. | Case No.  1:07-cv-01546-OWW-TAG<br><br>**SETTLEMENT STIPULATION;<br>RELEASES; DISMISSAL; ORDER** |

     IT IS HEREBY STIPULATED by and between Plaintiff RWI TRANSPORTATION, LLC, ("RWI"), and Defendant MAJOR EXPRESS, INC., ("MAJOR EXPRESS"), and their undersigned attorneys, as follows:

     1.    The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above—captioned action under the terms and conditions set forth in this Stipulation.  The parties, by this agreement, intend this to be a mutual release of all claims, on the part of RWI release all claims it has in connection with this pending lawsuit, and on the part of MAJOR EXPRESS (which shall hereafter include its drivers, representatives, owners, officers, heirs, assigns, representatives, agents, employees) releasing any and all claims it now has against RWI, known or unknown, which in any way relate to prior transportation agreements, contracts, and compensation therefore that MAJOR EXPRESS contends it is owed from RWI.

1334713.v1

2. Defendant MAJOR EXPRESS, shall waive any claim for attorneys fees and/or costs, and shall waive any and all claims, demands, rights, and causes of action of whatsoever kind and nature it (or its drivers, representatives, owners, officers, heirs, assigns, representatives, agents, and employees) now has against RWI related to any monies that RWI may owe it (or its drivers, representatives, owners officers, heirs, assigns, representatives, agents, and employees). RWI accepts the foregoing consideratione in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen damage to property and the consequence thereof, resulting, and to result, from the subject matter of this action which RWI or its assigns, and each of them, now have or may hereafter acquire against MAJOR EXPRESS, its agents, servants, and employees.

3. RWI and its assigns hereby agree to accept the consideration set forth in paragraph 2, including MAJOR EXPRESS of any and all claims against it for outstanding monies, in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature arising from, and by reason of, any and all known and unknown, foreseen and unforeseen damage to property and the consequences thereof which they may have or hereafter acquire against MAJOR EXPRESS, its agents, servants, and employees on account of the same subject matter that gave rise to this action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.

4. RWI and MAJOR EXPRESS' undersigned attorneys represent that they have explained, and RWI and MAJOR EXPRESS warrants and represents that they intend, that this Stipulation shall release all existing and future claims arising directly or indirectly from the acts or omissions that gave rise to the above—captioned action, or any claims by MAJOR EXPRESS for moneys owed to it by RWI, including claims that are unknown and unforeseen, notwithstanding Section 1542 of the Civil Code of the State of California, which provides as follows:

A general release does not extend to claims which the creditor does

PDF created with pdfFactory trial version www.pdffactory.com

        not know or suspect to exist in his or her favor at the time of executing the Release, which if known by him or her must have materially affected his or her settlement with the debtor.

5. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of RWI or MAJOR EXPRESS, or their agents, servants, or employees, and it is specifically denied by each that they are liable to one another for the claims released herein. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

6. The parties agree that they will each bear their own costs, fees, and expenses in connection with this litigation.

7. The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this agreement.

8. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the person(s) on whose behalf he or she is signing to the terms of the Stipulation.

9. Each person signing this Stipulation warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

10. Each person executing this Stipulation represents that he or she has read and understands its contents; that he or she executes this Stipulation voluntarily; that he or she has not been influenced by any person acting on behalf of any party.

11. Based on this stipulation, the above—captioned action is hereby DISMISSED WITH PREJUDICE as between RWI and MAJOR EXPRESS, and, upon approval by the Court as provided below, the Clerk of the Court is requested to enter this dismissal and release in the official docket.

PDF created with pdfFactory trial version www.pdffactory.com

12. This Stipulation may be signed in one or more counterparts, each of which shall be deemed to be an original and all of which together shall constitute one and the same instrument.

13. Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that this Court shall retain jurisdiction to enforce the terms of this settlement.

Dated: February 17, 2009            McCORMICK, BARSTOW, SHEPPARD,
                                    WAYTE & CARRUTH LLP


By:      /s/ Shane M. Cahill
         Shane M. Cahill
         Attorneys for Plaintiff
         RWI TRANSPORTATION, LLC


Dated: December 15, 2008            RWI TRANSPORTATION, LLC


By:      /s/ David Bose
         David Bose
         RWI TRANSPORTATION, LLC


Dated: February 17, 2009            PEEL, GARCIA & STAMPER, LLP


By:      /s/ Manuel Garcia
         Manuel Garcia
         Attorneys for Defendant
         MAJOR EXPRESS, INC.


Dated: January 15, 2009

By:      /s/ Gabriel Gill

Print Name:     Gabriel Gill
         MAJOR EXPRESS, INC.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

IT IS SO ORDERED.

Dated: February 18, 2009.        /s/ OLIVER W. WANGER
                                 United States District Judge

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

1334713.v1                            5

STIPULATED SETTLEMENT; RELEASE; ORDER 1:07-CV-01546-OWW-TAG

PDF created with pdfFactory trial version www.pdffactory.com